# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Neomia Oliver Turner** | ) | CASE NO.: 19-02692 |
| | ) | CHAPTER: 13 |
| | ) | |
| **Plaintiff** | ) | ADVERSARY PROCEEDING NO: |
| vs. | ) | |
| | ) | COMPLAINT |
| | ) | |
| **Credit Acceptance Corp.** | ) | |
| | ) | |
| **Defendant.** | ) | |

Debtor complaining of Defendant will prove to this Honorable Court:

1. This is a core proceeding over which this court has jurisdiction pursuant to 28 U.S.C. §157(b)(2)(a).

2. Plaintiff filed for protection pursuant to 11 U.S.C. §1301 et al. on May 17, 2019.

3. That venue is proper in this case in that the bankruptcy was filed in the Bankruptcy Court for the District of South Carolina, Plaintiff is a citizen and resident of the County of Clarendon, State of South Carolina and Defendant is a corporation organized and existing in a State other than the State of South Carolina which has subjected itself to the jurisdiction of this Court by submitting a proof of claim in Debtor's underlying bankruptcy case.

4. Creditor Credit Acceptance Corp. originally filed a proof of claim (Claim Number 2.1) as a claim secured by a 2015 Ford Focus (VIN: 1FADP3F26FL204158) for the sum of $10,873.42 on May 20, 2019.

5. The debtor surrendered the 2015 Ford Focus in paragraph 3.5 of her Chapter 13 plan which was confirmed on September 11, 2019.

6. On April 22, 2020 Creditor Credit Acceptance Corp. sold the 2015 For Focus for the sum of $4,000.00 according to their amended proof of claim filed May 7, 2020 (Claim 2.2)

7. Despite the fact that their original proof of claim was in the amount of $10,873.42 and the 2015 Ford Focus sold for the sum of $4,000.00, Creditor Credit Acceptance Corp. filed their amended proof of claim in the amount of $9,881.42 as an unsecured deficiency balance claim while the "statement itemizing interest fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A)" shows a deficiency balance of -$5,855.00.

8. Each proof of claim is signed under penalty of perjury and the signature acknowledges that the person signing has examined the information in the proof of claim and has a reasonable belief that the information therein is true and correct.

9. Both the original and amended proofs of claim are electronically signed by Cynthia Litton.

11. Pursuant to Bankruptcy Rule 3001(f), "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

12. Following close examination of the proof of claim and the statement itemizing interest fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A), the amounts set forth on the two documents above referenced, which should support each other, cannot be reconciled.

13. The amended proof of claim filed by the Defendant is misleading and it is impossible to determine the accurate amount of debt claimed by Defendant.

14. It is believed that the claim being objected to in this case was filed without the requisite amount of examination by Defendant as to its accuracy as required in Part 3 of the proof

of claim and therefore cannot constitute "prima facie evidence of the validity and amount of the claim."

    15.  Debtor requests the remedy in Rule 3001(c)(2)(D), to wit:

If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:

(i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or

(ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

    16.  That Defendant's amended claim 2.2 as filed with the Court reflects either a gross error in math wherein a secured debt in the amount of $10,873.42 plus expenses of disposal, prep and storage of the 2015 Ford Focus in the amount of $855.00 less the proceeds of sale in the amount of $4,000.00 and amounts of credit to the account of $13,583.42 leaves a deficiency balance of $9,881.42 still owing to the Defendant or whether Defendant owes the Debtor's bankruptcy estate the sum of $5,855.00 as set forth in Defendant's statement itemizing interest fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

    17.  As filed Defendant's amended proof of claim (2.2) is requesting payment far in excess of the amount owed and therefore the Debtor's bankruptcy estate as well as other creditors are subjected to genuine harm in violation of 3001(c)(2)(D).

    Wherefore, Debtor prays that this Honorable Court inquire in this matter to determine if Credit Acceptance Corp. did violate 3001(c)(2)(D) in filing an inaccurate proof of claim causing genuine harm to the debtor, her bankruptcy estate and other creditors of the estate and impose the remedies set forth in 3001(c)(2)(D) including attorney fees, cost and such other and further relief as this Honorable Court deems just and equitable.

       Respectfully submitted,

       /s/ Paul W. Owen, Jr.
      Paul W. Owen, Jr.
      Fed. I. D. No.: 5753
      P. O. Box 369
      Orangeurg, SC 29116-0369
      803-917-8904

May 13, 2020