UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Neomia Oliver Turner,<br><br>  Debtor<br><br>---<br><br>Neomia Oliver Turner,<br><br>  Plaintiff,<br><br>v.<br><br>Credit Acceptance Corp.,<br><br>  Defendant | Adversary No. 20-80035-JW<br><br>Bankruptcy Case No.: 19-02692-JW<br><br>**ANSWER** |

The Defendant Credit Acceptance Corp. (hereinafter "Defendant") answering the complaint of Plaintiff would show as follows:

## AS A FIRST DEFENSE

1. Defendant would show that the allegations of paragraphs 1, 2 and 3 are legal conclusions to which it is not obligated to respond. Except as otherwise stated, Defendant denies the allegations of paragraphs 1, 2 and 3.

2. Defendant admits the allegations of paragraphs 4, 5 and 6.

3. Defendant admits the allegations of paragraph 7 but states that the figures contained in the Amended Proof of Clam filed May 7, 2020, were the result of an error by Defendant's processing system and that such error was corrected with the Amended Proof of Claim filed June 1, 2020.

4. Defendant would show that the allegations of paragraph 8 are legal conclusions to which it is not obligated to respond. Except as otherwise stated, Defendant denies the allegations of paragraph 8.

5. Defendant admits the allegations of paragraph 9.

6. Defendant would show that the allegations of paragraph 11 (Complaint did not contain a paragraph 10) are legal conclusions to which it is not obligated to respond. Except as otherwise stated, defendant denies allegations of paragraphs 11

7. Responding to the allegations of paragraphs 12, 13 and 14, Defendant would show that the issues raised in those paragraphs have now been rendered moot by Defendant's Amended Proof of Claim filed June 1, 2020. Except as otherwise stated, Defendant denies the allegations of paragraphs 12, 13 and 14.

8. Defendant would show that the allegations of paragraph 15 are legal conclusions to which it is not obligated to respond. Except as otherwise stated, Defendant denies the allegations of paragraph 15.

9. Responding to the allegations of paragraphs 16 and 17, Defendant would show that the issues raised in those paragraphs have now been rendered moot by Defendant's Amended Proof of Claim filed June 1, 2020. Except as otherwise stated, Defendant denies the allegations of paragraphs 16 and 17.

## AS A SECOND DEFENSE

10. Defendant repeats and realleges the allegations of paragraphs 1 through 9 above.

11. Plaintiff has failed to state facts sufficient to constitute a cause of action which Defendant pleads as a complete bar to all causes of action.

## AS A THIRD DEFENSE

12. Defendant repeats and realleges the allegations of paragraphs 1 through 11 above.

13. Plaintiff failed to provide Defendant with an opportunity to correct the inadvertent, harmless error, which Defendant pleads in mitigation.

14. Upon discovery of this inadvertent error, Defendant quickly connected same by an

Amended Proof of Claim.

                              Crawford & von Keller, L.L.C.

By: _____
B. Lindsay Crawford, III – District Ct ID 0921
Theodore von Keller- District Ct ID 5213
Post Office Box 4216
Columbia, SC 29240
(803) 790-2626
Attorneys for Defendant Credit Acceptance Corp.

June 26, 2020

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Neomia Oliver Turner,<br><br>Debtor | Adversary No. 20-80035-JW<br><br>Bankruptcy Case No.: 19-02692-JW |
| Neomia Oliver Turner,<br><br>Plaintiff,<br><br>v.<br><br>Credit Acceptance Corp.,<br><br>Defendant | **CERTIFICATE OF SERVICE** |

This is to certify, that I, <u>Wayne Bellflower, III</u>, a Paralegal with the firm of Crawford & von Keller, LLC, am this day serving on the persons indicated below the Answer on behalf of Credit Acceptance Corp. in this matter by placing a copy of same in the United States Mail, postage pre-paid, in envelopes addressed as follows:

Paul W. Owen, Jr.
PO Box 369
Orangeburg, SC 29116-0369

_____
Wayne Bellflower, III, Paralegal

Columbia, SC

June 26, 2020